```
ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JENNIFER M. RESNIK
Assistant United States Attorney
Asset Forfeiture Section
(Cal. State Bar # 233634)
1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6595
     Facsimile: (213) 894-7177
     E-mail: jennifer.resnik@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>REAL PROPERTIES LOCATED IN KERN, LOS ANGELES, AND SAN BERNARDINO COUNTIES,<br><br>    Defendants.<br><br>ABRAHAM SUTANTO AND ENDERAWATI SALIM,<br><br>    Claimants. | No. CV 10-7981-ODW (JCx)<br><br>**CONSENT JUDGMENT OF FORFEITURE** |

1

RECITALS

1. This action was filed on October 22, 2010. An amended complaint was filed on November 1, 2010.

2. Notice was given and published in accordance with law.

3. Claimants Abraham Sutanto and Enderawati Salim ("Claimants") filed claims to the defendant Real Properties Located Within Kern, Los Angeles and San Bernardino Counties (the "defendant properties"). The legal description of the defendant properties is attached as Exhibit "A." No other statements of interest or answers have been filed, and the time for filing such statements of interest and answers has expired. Plaintiff and Claimants have reached an agreement that is dispositive of the action. The parties hereby request that the Court enter this Consent Judgment of Forfeiture.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

A. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355 and over the parties hereto.

B. The Complaint for Forfeiture states a claim for relief pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C) and 31 U.S.C. § 5317(c)(2).

C. Notice of this action has been given in accordance with law. All potential claimants to the defendant property other than Claimants are deemed to have admitted the allegations of the Complaint. The allegations set out in the Complaint are sufficient to establish a basis for forfeiture.

D. The United States of America shall have judgment as to a combined total of $1,000,000.00 in interest (the "forfeited interest") in the following three defendant properties, subject to the recorded interests of JPMorgan ChaseBank, N.A. (Instrument Number 06 2410608) with respect to Defendant Property 2, and Nara Bank (Instrument Number 20080866293) with respect to Defendant Property 3, and no other person or entity shall have any right, title or interest therein:

   i. The real property located in Gardena, California with the following legal description: Lot 50 of Moneta tract, in the City of Gardena, county of Los Angeles, state of California, as per map recorded in book 6 page 162 of maps, in the office of the county recorder of said county.  Except the west 10 feet and the easterly 10.00 feet of the westerly 20.00 feet thereof. API# 6106-003-002 ("Defendant Property 1");

   ii. The real property located in Torrance, California with the following legal description: Lot 12 of Block 3 of Tract No. 3404, as per Map recorded in Book 41, Pages 8 and 9 of Maps, in the Office of the County Recorder of said County. API# 7346-004-017 ("Defendant Property 2"); and

   iii. The real property located in Gardena, California with the following legal description: That portion of the east 127 acres of the southeast quarter of section 22, township 3 south, range 14 west, San Bernardino meridian, in the county of Los Angeles, state of California, according to the official plat said land filed in the district land office, April 12, 1868,

described as follows: Beginning at a point 20 feet west of the southeast corner of said section 22; thence northerly parallel with the east line of said section, a distance of 200 feet the true point of beginning; thence westerly parallel with the southerly line of said section, a distance of 280 feet; thence northerly parallel with said east line a distance of 50 feet; thence easterly parallel with said southerly line a distance of 280 feet; thence southerly parallel with said easterly line, a distance of 50 feet to the true point of beginning. Except therefrom the easterly 30 feet thereof. API# 4070-013-017 ("Defendant Property 3").
Defendant Properties 1, 2 and 3 are forfeited and condemned to the United States of America to the extent of the interest specified in this paragraph.

E. All right, title, and interest of Claimants, and all other potential claimants, in the forfeited interest in the Defendant Properties 1, 2 and 3 is hereby condemned and forfeited to the United States of America. The United States Marshals Service shall dispose of the forfeited interest in the Defendant Properties 1, 2 and 3 in accordance with law.

F. Claimants may satisfy the judgment entered herein by delivering $1,000,000.00 to the United States of America by no later than the close of business on the 180th calendar day after entry of this Judgment by the Court (the "Liquidation Payment"). The government will release the lis pendens on Defendant

Properties 1, 2, and 3 upon full satisfaction of the Liquidation Payment.

      i.   The Liquidation Payment shall be paid in the form of a cashier's check payable to "United States Marshals Service," and shall be delivered to the Chief, Asset Forfeiture Section, United States Attorney's Office, 312 N. Spring Street, 14th Floor, Los Angeles, California 90012.

      ii.   Claimants may use Defendant Properties 1, 2 or 3 as security for a new loan to finance the Liquidation Payment, subject to the approval of counsel for the United States of America.  Until the Liquidation Payment is made in full, all escrow instructions and settlement statements relating to any proposed loan transaction involving Defendant Properties 1, 2 or 3 shall also be subject to the approval of counsel for the United States of America.

      iii.   Not later than three (3) days prior to the anticipated close of an escrow on Defendant Properties 1, 2 or 3 that (1) has been previously approved by counsel for the United States of America, and (2) will result in full or partial payment to the United States of America equivalent to at least one third of the Liquidation Payment, the United States shall deliver to the escrow agent a conditional withdrawal of its lis pendens recorded against the defendant property.  This conditional withdrawal may be recorded only if full or partial payment equivalent to at least one third of the Liquidation

Payment is received and paid to the United States of America in accordance with this paragraph F;

        iv.  Until the full Liquidation Payment is paid (or, if paragraph G is triggered, until Defendant Properties 1, 2 and/or 3 are sold), Claimants will not take any action to affect the marketability of Defendant Properties 1, 2 or 3, and will maintain them in substantially the same condition as they were on the date this agreement is executed by Claimants.  Claimants shall maintain appropriate policies of insurance on Defendant Properties 1, 2 and 3 until the full Liquidation Payment is made (or, if paragraph G is triggered, the property is sold), including policies covering potential liability for personal injury or property damage occurring on or around the Defendant Properties.  Claimants shall pay all property taxes when due, and shall not commit waste of Defendant Properties 1, 2 or 3 or permit the properties to be used or occupied in any manner which would diminish the value of the property or invalidate any insurance policy on the property.

    G.  If the judgment is not timely satisfied in accordance with paragraph F, Defendant Properties 1, 2 and/or 3 shall be sold for fair market value by the United States and its agents, including the United States Marshals Service and its authorized agents and contractors, to allow the United States to liquidate the interest forfeited to it pursuant to this judgment.  The United States of America has the full power to sell and transfer valid title to Defendant Properties 1, 2 and 3 in their entirety

in connection with such sale, without the need to obtain the participation, signature(s), or consent(s) of Claimants to any aspect of the sale and/or title transfer.  The Defendant Properties shall be sold in the order listed above (i.e., first Defendant Property 1) to satisfy the judgment in full.  If the proceeds from the sale of Defendant Property 1 satisfies the judgment in full, the United States of America will release the lis pendens on the remaining two properties.  If the sale of Defendant Property 1 does not satisfy the judgment in full, Defendant Property 2 shall be sold by the United States of America in accordance with this paragraph.  If the proceeds from the combined sale of Defendant Properties 1 and 2 satisfies the judgment in full, the United States of America will release the lis pendens on Defendant Property 3.  Otherwise, Defendant Property 3 shall be sold in accordance with this paragraph.  The proceeds of the sale of any of the Defendant Properties shall be distributed as follows:

   i.   First, payment of all outstanding real property taxes to the Los Angeles County Tax Collector to the date of entry of this Judgment;

   ii.  Second, payment of all costs of escrow and sale, including real estate sales commissions and applicable fees triggered by the sale of the Defendant Property;

   iii. Third, to the extent funds remain, payment to any secured lienholders, whose security interests were recorded prior

to recording of the United States of America's lis pendens in this action;

   iv. Fourth, to the extent funds remain, all such funds up to $1,000,000.00 shall be paid to the United States Marshals Service, and are hereby condemned and forfeited without further order of this Court.  The United States Marshals Service shall dispose of such funds in accordance with law;

   v. Fifth, to the extent funds remain, the balance of the proceeds to Claimants through their counsel, Larry Bakman.

 H. Claimants shall have judgment as to Defendant Properties 4 through 19, the legal descriptions of which are provided in Exhibit A, and no other person or entity shall have any right, title or interest therein.

 I. Claimants hereby release the United States of America, its agencies, agents, and officers, including employees and agents of the United States Bureau of Alcohol, Tobacco, Firearms and Explosives, from any and all claims, actions or liabilities arising out of or related to this action, including, without limitation, any claim for attorney's fees, costs or interest which may be asserted on behalf of the claimant, whether pursuant to 28 U.S.C. § 2465 or otherwise.

///
///
///

J. The court finds that there was reasonable cause for the institution of these proceedings. This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

Dated: August 2, 2013

_____
THE HONORABLE OTIS D. WRIGHT
UNITED STATES DISTRICT JUDGE

Approved as to form and content:

Dated: July 31, 2013

                                     ANDRÉ BIROTTE JR.
                                     United States Attorney
                                     ROBERT E. DUGDALE
                                     Assistant United States Attorney
                                     Chief, Criminal Division
                                     STEVEN R. WELK
                                     Assistant United States Attorney
                                     Chief, Asset Forfeiture Section

                                     \_\_\_/s/_____
                                     JENNIFER M. RESNIK
                                     Assistant United States Attorney
                                     Asset Forfeiture Section

                                     Attorneys for Plaintiff
                                     United States of America

DATED: July 31, 2013

                                     \_\_/s/_____
                                     ABRAHAM SUTANTO

(signatures continue on next page)

9

```
DATED: July 31, 2013
                                _/s/_____
                                ABRAHAM SUTANTO
                                President
                                ABEN, LLC

DATED: July 31, 2013
                                __/s/_____
                                ABRAHAM SUTANTO
                                President
                                ABENSOEEN, LLC

DATED: July 31, 2013
                                __/s/_____
                                ABRAHAM SUTANTO
                                President
                                ABEN, LLC

DATED: July 31, 2013
                                __/s/_____
                                ABRAHAM SUTANTO
                                President
                                ABENRA, LLC

DATED: July 31, 2013
                                _/s/_____
                                ENDERAWATI SALIM

DATED: July 31, 2013
                                _/s/_____
                                LARRY BAKMAN, ESQ.
                                Attorney for Claimants Abraham
                                Sutanto and Enderawati Salim
```

**EXHIBIT A**

1. The defendant property located in Gardena, California with the legal description:

    >Lot 50 of Moneta tract, in the city of Gardena, county of Los Angeles, state of California, as per map recorded in book 6 page 162 of maps, in the office of the county recorder of said county. Except the west 10 feet and the easterly 10.00 feet of the westerly 20.00 feet thereof.
    >API No. 6106-003-002. ("defendant property 1")

2. The defendant property located in Torrance, California with the legal description:

    >Lot 12 of Block 3 of Tract No. 3404, as per Map recorded in Book 41, Pages 8 and 9 of Maps, in the Office of the County Recorder of Los Angeles County. Except the East 50 feet thereof.
    >API No. 7346-004-017. ("defendant property 2")

3. The defendant property located in Gardena, California with the legal description:

    >That portion of the east 127 acres of the southeast quarter of section 22, township 3 south, range 14 west, San Bernardino meridian, in the county of Los Angeles, state of California, according to the official plat of said land filed in the district land office, April 12, 1868, described as follows: Beginning at a point 20 feet

> west of the southeast corner of said section 22;
> thence northerly parallel with the east line of
> said section, a distance of 200 feet the true
> point of beginning; thence westerly parallel with
> the southerly line of said section, a distance of
> 280 feet; thence northerly parallel with said east
> line a distance of 50 feet; thence easterly
> parallel with said southerly line a distance of
> 280 feet; thence southerly parallel with said
> easterly line, a distance of 50 feet to the true
> point of beginning. Except therefrom the easterly
> 30 feet thereof.
>
> API No. 4070-013-017.  ("defendant property 3")

4. The defendant property in Kern County, California with the legal description:

> Lot 423 of Tract No. 2225 in the City of
> California City, County of Kern, State of
> California, as per Map recorded July 2, 1959 in
> Book 1, Page(s) 173 through 179 inclusive of Maps,
> in the Office of the County Recorder of said
> County.
>
> API No. 210-120-09.  ("defendant property 4")

5. The defendant property in Kern County, California with the legal description:

> Lot 10 of tract number 2226 in the county of
> Kern, state of California, as per map recorded

```
                in book 10, page 196 of maps, in the office of
                the county recorder of said county. Excepting
                therefrom 3/4 of all oil, gas and other
                minerals, but without the right to enter any
                portion of said land lying above a depth of 500
                feet below the surface thereof, as reserved and
                granted in previous deeds of record. And
                excepting therefrom all water in and under said
                land and water rights appurtenant thereto.
                API No. 210-221-10.  ("defendant property 5")
```
6. The defendant property in Big Bear City, California with the legal description:
```
                North 1/2 of Lot 90 of Baldwin Lake Tract No.
                1724, as per map recorded in Book 25, Page 71,
                records of San Bernardino County.
                API No. 0313-093-11.  ("defendant property 6")
```
7. The defendant property in Big Bear City, California with the legal description:
```
                Lot 17 of Tract No. 6153, Big Bear Land and Water
                Co., No. 35 in the County of San Bernardino, State
                of California, as per map recorded in Book 78,
                Page(s) 65 and 66, inclusive, in the office of the
                County Recorder of said County.
                API No. 0313-281-14.  ("defendant property 7")
```
8. The defendant properties in Kern County, California with the legal description:

        Tract No. 2812, Lots 388, 574 & 620, in the County of Kern, State of California as per map recorded in book 14, pages 38 to 40 inclusive of maps in the office of the county recorder of said county.

        API Nos. 229-042-08-007, 229-051-08-003 and 229-063-01-009.  ("defendant property 8")

9. The defendant properties in Kern County, California with the legal description:

        Tract No. 2812, Lots 270 & 429 situated in the City of California City, County of Kern, State of California, exclusive of interest mineral rights, as per maps recorded in the County Recorders Office of said County.

        API Nos. 229-065-08-004 and 229-053-28. ("defendant property 9")

10.  The defendant properties in Kern County, California with the legal description:

        Tract No. 2811, Lots 77 & 84, subject to any mineral reservations of record. In the City of California City, County of Kern County, State of California. Said conveyance shall be made subject to all covenants, conditions, restrictions, reservations, easements, right and rights of way of record in said County Recorders Office.

1    API Nos. 213-316-22-008 and 213-325-10-009.
2    ("defendant property 10")
3  11.  The defendant property in Kern County, California with the
4     legal description:
5        Lot 162 in block 080 of Tract No. 2162, as per
6        map recorded in book 7, page 111 of maps, in the
7        office of the county recorder of Kern County.
8        API No. 215-080-31-000.  ("defendant property 11")
9  12.  The defendant property in Kern County, California with the
10    legal description:
11       Lot 67 of Tract No. 2898, in the County of Kern,
12       State of California as per map recorded in book
13       14, pages 199 to 203 inclusive of maps in the
14       office of the county recorder of said county.
15       API No. 218-311-05-009.  ("defendant property 12")
16 13.  The defendant property in Kern County, California with the
17    legal description:
18       Lot 326 of Tract No. 2115 as per map thereof
19       recorded in book 10, pages 102 of miscellaneous
20       maps in the office of the recorder of said
21       county.
22       API No. 207-093-10-004.  ("defendant property 13")
23 14.  The real properties in Kern County, California with the
24    legal description:
25       Tract No. 2898, Lots 50 and 410, exclusive of 75%
26       mineral rights, in the County of Kern, State of
27       California, subject to covenants, conditions,
28

          restrictions, reservations, and right or rights
of way now on record.
API Nos. 218-314-03-004 and 218-361-03-008.
("defendant property 14")

15. The defendant properties in Kern County, California with the legal description:

          Tract No. 2898, Lots 210 & 211, in the City of California City, County of Kern, State of California, exclusive of interest mineral rights, as per map recorded in the County Recorders Office of said County. Said conveyance shall be made subject to all covenants, conditions, restrictions, reservations, easements, rights and rights of way of record in said County Recorders Office. This deed is being issued in compliance with the Agreement for Deed dated June 29, 2005.
API Nos. 229-083-03-001 and 229-083-02-008.
("defendant property 15")

16. The defendant property in Kern County, California with the legal description:

          Tract No. 2528, Lot 397, exclusive of 500 interest mineral rights as per map recorded in the County Recorders Office of said county.
API No. 216-113-13-004. ("defendant property 16")

17. The defendant property in Kern County, California with the legal description:

          Tract No. 2898, Lot 78, exclusive of 750 mineral rights, in the city of California City, County of

```
                    Kern, State of California, as per map recorded in
                    the County Recorders Office of said County.
                    API No. 218-321-09-004.  ("defendant property 17")
18.  The defendant property in Kern County, California with the
   legal description:
                    Tract No. 2812, Lot 464, exclusive of mineral
                    rights, in the city of California City, County of
                    Kern, State of California, as per map recorded in
                    the County Recorders Office of said County.
                    API No. 229-052-27-005.  ("defendant property 18")
19.  The defendant properties in Kern County, California with
   the legal description:
                    Tract No. 2887, Lots 287, 532, 594, and 605, in
                    the city of California City, County of Kern,
                    State of California, as per map recorded in book
                    14, page(s) 145 through 149, inclusive, of maps,
                    in the office of the county recorder of Kern
                    County.
                    API Nos. 218-292-19-002, 218-282-03-002,
                    218-254-03-007, and 218-261-29-005.  ("defendant
                    property 19")
```